THE STATE OF MISSOURI, Respondent, v. ALLEN RHODUS, Appellant.

### Kansas City Court of Appeals, March 23, 1896.

Criminal Law: INFORMATION: SHOOTING ON HIGHWAY. An information for shooting along or across a public highway is *held* insufficient because it charges the dog shot at, and not the shooting, as being along or across a public highway.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

*Sallee & Goodman* for appellant.

(1) The words "any object" are not sufficiently comprehensive to include all subjects upon which one's powers of vision may be exercised, but in general apply to inanimate things, and are circumscribed in their application to things of the same class as "mark." It is a rule of interpretation that where particular words are used, and words of general import follow, the latter are governed by the former. *City of St. Joseph v. Porter,* 29 Mo. App. 605; *State v. Pemberton,* 30 Mo. 376; *State v. Schuchman,* 33 S. W. Rep. 35; *People v. Richards,* 108 N. W. Rep. 137. (2) All the provisions of a code are to be construed together, and, as the legislature has provided penalties for the unlawful shooting of almost every kind of domestic animal, it is fair to conclude that if they had intended to make the shooting of a vicious dog on a public highway a criminal offense, they would have expressed their intention

in words and phrases better adapted to the purpose. *State v. Clark,* 57 Mo. 25; *Mason v. Hannah,* 30 Mo. App. 190; *City of St. Joseph v. Porter,* 29 Mo. App. 611; *U. S. v. Wiltberger,* 5 Wheat. 76; *State v. Bryant,* 90 Mo. 534.

*Ezra H. Frisby* for respondent.

(1)   The purpose of the legislature in adopting section 3789 of the Revised Statutes of Missouri, 1889, was to protect persons from danger who might be passing along the public highway.   Whether the shot was fired at any particular object or thing would make no difference.   The bullet fired for amusement, or by those trying their skill, or by anyone shooting at a dog, if it should strike a traveler on the public highway would be just as dangerous as though fired at one of the objects or things specifically named in the statutes, and I think this section of the statute will not admit of any other construction.   1 Kent Com. 472; Potter's Dwarris on Construction of Statutes, p. 194; 29 Mo. App. 610.

ELLISON, J.—The defendant was convicted on an information under section 3789, Revised Statutes, 1889, for shooting along or across a public highway.   The information was as follows:

"Ezra H. Frisby, upon his oath as prosecuting attorney of Harrison county, Missouri, informs the justice:

"That one Allen Rhodus, late of the county of Harrison and state of Missouri, did then and there willfully and unlawfully shoot with a shotgun at an object, to wit: a dog.   The same being a dog belonging to one John Endsley, along and across a certain public highway, at and near the residence of said John

Endsley, said public road being the road leading from the Tull schoolhouse to Matkins, and known as the Bethany and Matkins road, in the said county and state, contrary to the statute in such cases made and provided, and against the peace and dignity of the state."

We are of the opinion that defendant's objections to this information are well founded. The offense covered by the statute is shooting along or across the highway and the information fails to charge such act. The indictment is in such form as to charge that the dog was along and across the highway, but not that the shooting was. Omitting the allegation of ownership, we have the object shot at as "being a dog along and across a certain public highway."

The charge is not sufficient under the statute and the judgment will be reversed. All concur.